_In re_ MARRIAGE OF SARAH CHESLER, Petitioner-Appellee, and JACK CHESLER, Respondent-Appellant.

First District (5th Division)   No. 1—88—3386

Opinion filed October 26, 1990.—Rehearing denied December 3, 1990.

John J. O'Toole, of Chicago, for appellant.

Roger A. Rubin, of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Respondent Jack Chesler appeals from a finding against him for contempt for failure to comply with orders of the circuit court arising out of an action for dissolution of marriage.

We affirm.

On January 27, 1988, in conjunction with dissolution proceedings begun by Sarah Chesler, the circuit court ordered respondent to pay temporary maintenance and support as well as mortgage payments and related expenses on the parties' marital residence. The total monthly sum amounted to approximately $2,500. The circuit court reaffirmed that order on November 2, 1988, and commanded respondent to cure all arrearages and costs incident to the mortgage on the marital residence. Arrearages at that time amounted to approximately $17,560. Ultimately, foreclosure proceedings were begun.

On November 18, 1988, the circuit court vacated its order of November 2, 1988, and found respondent in contempt. The court ordered respondent periodically imprisoned for 90 days if respondent did not purge the contempt by complying with payment on November 21, 1990.

This appeal followed.

OPINION

Respondent argues that he was financially unable to comply with the circuit court's order of January 27, 1988, and therefore could not avoid being held in contempt. Respondent states that, at the time the order was entered, he earned a gross income of approximately $51,000 per year; between $2,600 and $2,700 per month, net. Respondent contends compliance with the order would have left less

than $200 per month for all of his other expenses. Further, respondent states, because he was ordered to vacate the marital residence, he encountered increased financial obligations.

■ Whether a party is guilty of contempt is a question of fact for the trial court, and we may not disturb that finding on appeal unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.) The record in the instant case reveals that, contrary to respondent's argument, means were available to respondent to cure the mortgage arrearages. Specifically, the record contains respondent's own testimony that, as of June 1988, he had approximately $41,000 invested in certificates of deposit available to him.

■ Because, after reviewing the record in its entirety, we find no basis to conclude the trial judge abused her discretion in determining respondent in contempt, we must affirm the judgment of the circuit court.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.